# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALEXANDRIA CURRY, | |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| THE DUFRESNE SPENCER GROUP LLC D/B/A ASHLEY FURNITURE HOMESTORE, | |
| Defendant. | |

## COMPLAINT AT LAW

Plaintiff Alexandria Curry ("Plaintiff"), by and through her attorneys, Caffarelli & Associates Ltd., for her Complaint at Law against Defendant The Dufresne Spencer Group LLC d/b/a Ashley Furniture Homestore ("DSG" or "Defendant"), states as follows:

## NATURE OF ACTION

1. Plaintiff brings this action against Defendant for its unlawful interference with Plaintiff's right to take federally protected job leave and for its retaliation against her when she attempted to exercise those rights, both in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA").

2. Plaintiff also alleges Defendant violated the Employment Retirement Income Security Act of 1977, 29 U.S.C. 1001, *et seq.* ("ERISA") by failing to provide Plaintiff with the requisite notice of her right to continued health coverage under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA").

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 2617(a)(2) (right of action for FMLA violations), and 29 U.S.C. § 1132(e)(1) (jurisdiction for ERISA violations).

4. The unlawful employment practices described herein were committed at Defendant's facility located at 1045 Crossroads Pkwy, Romeoville, Will County, IL 60446. Venue in the Eastern Division of the U.S. District Court for the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 1132(e)(2).

## PARTIES

5. Plaintiff Alexandria Curry is a resident of Chicago, Illinois.

6. Plaintiff worked for Defendant at 1045 Crossroads Parkway, Romeoville, Illinois from on or about July 2019 through December 16, 2021.

7. At all relevant times, Plaintiff was an "eligible employee" of Defendant within the meaning of the FMLA, 29 U.S.C. § 2611(2)(A).

8. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4)(A).

9. Plaintiff was a "covered employee" of Defendant within the meaning of the ERISA, 29 U.S.C. § 1167(2), and a participant in Defendant's health plan ("Plan") up to the date of her termination, which was a "qualifying event" within the meaning of the ERISA, 29 U.S.C. § 1163(2). Plaintiff thereafter became a "qualified beneficiary" within the meaning of the ERISA, 29 U.S.C. § 1167(3)(B).

10. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the ERISA, 29 U.S.C. § 1002(5); the Plan "sponsor" within the meaning of the ERISA, 29 U.S.C. § 1002(16)(B); and the "administrator" of the Plan within the meaning of the ERISA, 29 U.S.C. § 1002(16)(A).

11. The Plan provides medical benefits to employees and their beneficiaries, and is an "employee welfare benefit plan" within the meaning of the ERISA, 29 U.S.C. § 1002(1), and a "group health plan" within the meaning of the ERISA, 29 U.S.C. § 1167(1).

## FACTUAL ALLEGATIONS

12. In or around July 2019, Curry was initially hired through a staffing agency to work for Defendant.

13. On or about January 22, 2020, Defendant hired Curry as a Distribution Center Senior Associate.

14. On or about April 15, 2020, Defendant furloughed its employees, including Curry, as a result of the COVID-19 virus.

15. On or about June 24, 2020, while Curry was on furlough, Defendant terminated her.

16. On or about September 9, 2020, Defendant rehired Curry.

17. At some point thereafter, Curry became pregnant.

18. On or about July 7, 2021, Curry submitted an FMLA certification based on her pregnancy. Curry requested intermittent leave for one day every two to four times per month in order to attend doctor appointments.

19. On or about July 24, 2021, Defendant changed Curry's position to Distribution Center Senior Associate.

20. On or about December 10, 2021, in anticipation of Curry's February 2022 due date and knowing that Curry would soon need continuous leave, Defendant sent Curry an FMLA certification for her to complete. Curry requested continuous leave for childbirth and recovery

time. Curry estimated this leave would last between February 26, 2022 (her due date) and May 23, 2022.

21. While at work on December 16, 2021, Curry began unexpectedly bleeding. Curry was given permission by the General Manager, Jason Meil, to leave work early to go to the Emergency Room.

22. At no point on December 16, 2021 did Curry communicate to any member of management that she was resigning from her job.

23. That same day, Defendant terminated Curry for allegedly resigning without notice. Curry had not resigned and was unaware of her termination at this time.

24. On or about December 20, 2021, Defendant received Curry's FMLA certification paperwork requesting continuous leave.

25. In or around April 2022, Curry contacted Stephanie Skinner, Defendant's Human Resources representative, to schedule her return to work. At that time, Curry believed she had been on continuous leave pursuant to her December 2021 FMLA leave request.

26. Skinner informed Curry that she had been terminated on December 16, 2021.

27. Upon information and belief, Defendant terminated Curry for having exercised her rights under the FMLA.

28. Upon information and belief, by terminating Curry before she turned in her FMLA certification for continuous leave, Defendant interfered with Curry's ability to exercise her rights under the FMLA.

29. Further, Curry participated in Defendant's group health care plan throughout her entire employment.

30. Following Defendant's termination of Curry, Defendant failed to provide Curry a notice of her right to continued health care coverage.

**COUNT I**
**VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT – INTERFERENCE**

31. Plaintiff restates and incorporates each of the preceding paragraphs as though fully set forth herein.

32. The matters set forth in this Count arise from Defendant's interference in violation of the FMLA, 29 U.S.C. § 2601, *et seq.*

33. The FMLA provides that an eligible employee is entitled to a total of 12 workweeks of leave during any 12-month period because of the birth of a child and in order to care for such child. 29 U.S.C. § 2612(a)(1)(A).

34. "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1).

35. As an eligible employee, Plaintiff was entitled to FMLA leave during her pregnancy and after she gave birth in order to care for her baby.

36. Defendant unlawfully interfered with Plaintiff's FMLA leave by terminating her while she was out of work pursuant to her FMLA leave request.

37. Defendant's violations of the FMLA have caused Ms. Curry to incur damages, including but not limited to loss of income.

WHEREFORE, Plaintiff Alexandria Curry respectfully requests that this Court enter an order as follows:

    a) Declaring that the acts and practices by Defendant, as described herein, constitute a violation of the FMLA;

    b) Enjoining and permanently restraining these violations of the FMLA;

    c) Awarding Plaintiff back wages and lost benefits due to Defendant's violations of the FMLA;

    d) Awarding Plaintiff reinstatement or front pay in the alternative;

    e) Awarding Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

    f) Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and

    g) Awarding Plaintiff such further and additional relief, including equitable damages, as the Court may deem just and proper.

## COUNT II
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT – RETALIATION

38. Plaintiff restates and incorporates each of the preceding paragraphs as though fully set forth herein.

39. The matters set forth in this Count arise from Defendant's retaliation in violation of the FMLA, 29 U.S.C. § 2601, *et seq.*

40. The FMLA provides that an eligible employee is entitled to a total of 12 workweeks of leave during any 12-month period because of the birth of a child and in order to care for such child. 29 U.S.C. § 2612(a)(1)(A).

41. "It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a)(2).

42. Plaintiff was terminated in retaliation for having exercised her rights under the FMLA by requesting and taking FMLA leave.

43. Defendant's rationale for terminating Plaintiff, i.e., that she resigned without notice, is pretext for FMLA retaliation.

6

44. But for having requested and taken FMLA leave and thereby exercising her rights under the FMLA, Plaintiff would not have been terminated.

45. Defendant's violations of the FMLA have caused Ms. Curry to incur damages, including but not limited to loss of income.

WHEREFORE, Plaintiff Alexandria Curry respectfully requests that this Court enter an order as follows:

a) Declaring that the acts and practices by Defendant, as described herein, constitute a violation of the FMLA;

b) Enjoining and permanently restraining these violations of the FMLA;

c) Awarding Plaintiff back wages and lost benefits due to Defendant's violations of the FMLA;

d) Awarding Plaintiff reinstatement or front pay in the alternative;

e) Awarding Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

f) Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and

g) Awarding Plaintiff such further and additional relief, including equitable damages, as the Court may deem just and proper.

## COUNT III
## VIOLATION OF THE EMPLOYMENT RETIREMENT INCOME SECURITY ACT
## NOTICE OF CONTINUED COVERAGE REQUIREMENT

46. Plaintiff restates and incorporates each of the proceeding paragraphs as though fully set forth herein.

47. The matters set forth in this Count arise from Defendant's violation of the ERISA, 29 U.S.C. § 1001, *et seq.*

48. The COBRA amendments to the ERISA provide that "[t]he plan sponsor of each group health plan shall provide, in accordance with this part, that each qualified beneficiary who

would lose coverage under the plan as a result of a qualifying event is entitled, under the plan, to elect, within the election period, continuation coverage under the plan." 29 U.S.C. § 1161(a).

49. A "qualifying event" is defined as including "termination (other than by reason of such employee's gross misconduct), or reduction of hours, of the covered employee's employment." 29 U.S.C. § 1163(2).

50. An employer is required to notify the administrator of the group health care plan within 30 days of a qualifying event. 29 U.S.C. § 1166(a)(2).

51. In the event of a covered employee's termination, the health plan administrator must notify any qualified beneficiary of such beneficiary's rights within 14 days. 29 U.S.C. § 1166(a)(4)(A); 29 U.S.C. § 1166(c).

52. Defendant terminated Plaintiff on or about December 16, 2021.

53. Defendant, the sponsor and administrator of the Plan, never informed Plaintiff, the qualified beneficiary, of her right to continued health coverage.

54. Defendant's violations of the ERISA have caused Ms. Curry to incur damages, including but not limited to loss of income.

WHEREFORE, Plaintiff Alexandria Curry respectfully requests that this Court enter an order as follows:

> h) Declaring that the acts and practices by Defendant, as described herein, constitute a violation of the ERISA;
>
> i) Enjoining and permanently restraining these violations of the ERISA;
>
> j) Awarding statutory penalties to Plaintiff pursuant to 29 U.S.C. 1132(c)(1) and 29 C.F.R. § 2575.502c-1 in the amount of $110 per day from the date of Defendant's failure to provide the requisite COBRA notice;
>
> k) Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and

l) Awarding Plaintiff such further and additional relief, including equitable damages, as the Court may deem just and proper.

Dated: May 27, 2022                            Respectfully submitted,

Alejandro Caffarelli                           ALEXANDRIA CURRY
Katherine E. Stryker
Caffarelli & Associates, Ltd.
224 S. Michigan Ave., Suite 300                By: /s/ *Alejandro Caffarelli*
Chicago, Illinois 60604                            Attorney for Plaintiff
Tel. (312) 763-6880
*acaffarelli@caffarelli.com*
*kstryker@caffarelli.com*